## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|                       |   |                          |
|-----------------------|---|--------------------------|
| BRIAN WILLIAMS,       | : |                          |
|                       | : |                          |
| Plaintiff,            | : | Civil No. 10-5120 (JBS)  |
|                       | : |                          |
| v.                    | : |                          |
|                       | : |                          |
| BRIAN BRADFORD, et al.,| : | **OPINION**             |
|                       | : |                          |
| Defendants.           | : |                          |

---

**APPEARANCES:**

> BRIAN WILLIAMS, Plaintiff pro se
> #633527/378425B
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey 08302

**SIMANDLE**, District Judge:

Plaintiff, Brian Williams, a state inmate presently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  The principal issues are whether the present Complaint

states a claim for relief against anti-Muslim statements allegedly made by a prison officer at South Woods State Prison, allegedly in violation of constitutional rights under 42 U.S.C. § 1983 and statutory rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, <u>et. seq.</u>  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a cognizable claim of a federal constitutional or statutory violation at this time.

I.  <u>BACKGROUND</u>

Plaintiff, Brian Williams ("Williams"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Brian Bradford, Director of the Gateway Foundation, Inc.; Westley Dilks, New Jersey Department of Corrections ("NJDOC") Intermediary for Gateway; Ms. Malone, NuWay Supervisor at the South Woods State Prison ("SWSP"); Grace Cookwater, Gateway/NuWay Coordinator at ("SWSP"); and Karen Balicki, Administrator at SWSP.   (Complaint, Caption and ¶¶ 4b through 4f).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Williams alleges that, on or about August 6, 2010, at approximately 2:15 p.m., defendant Cookwater was "chastising" a

2

Muslim participant in a NuWay meeting, for a group sanction. Specifically, Cookwater made mocking remarks about the Islamic religion and its practices, mimicked an Arabic prayer by mumbling as if she were speaking Arabic, and then screamed "Allahu-Akbar." Williams alleges that Muslim and non-Muslim participants became "offended and upset."  (Compl., ¶ 4e).

Williams further complains that the other named defendants failed to supervise the actions of Cookwater, failed to enforce the rules and bylaws of the Gateway/NuWay program at SWSP, failed to protect plaintiff's rights, failed to discipline the employee for making discriminatory remarks, and downplayed the seriousness of the incident, thus showing indifference in violation of plaintiff's First, Eighth and Fourteenth Amendment rights. (Compl., ¶¶ 4b-4f and 6).

On February 3, 2011, Williams wrote to the Court asking to amend his Complaint to assert a claim that defendants violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1.  (Docket entry no. 2). Plaintiff generally alleges that defendants continue to subject plaintiff to "substantial burdens to the free exercise of his Islamic Religion."  (Id.).

Williams seeks an unspecified sum in compensatory and punitive damages.  He also seeks injunctive relief enjoining defendants from retaliating against any Muslim for exercising

3

their civil rights at the SWSP NuWay program.  Williams asks for assigned counsel, and requests that any complaints filed by a Muslim with regard to this matter be joined together in one action and ruled as a class action.  (Compl., ¶ 7).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

4

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in

discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  <u>Id</u>.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed.R.Civ.P.</u> 8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "<u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

"show[n]"-"that the pleader is entitled to relief." <u>Fed.
Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

<u>Iqbal</u>, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must
now allege "sufficient factual matter" to show that a claim is
facially plausible.  This then "allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." <u>Id</u>. at 1948.  The Supreme Court's ruling in
<u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the
allegations of his complaint are plausible.  <u>Id</u>. at 1949-50; <u>see
also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>,
578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that <u>Iqbal</u> provides
the "final nail-in-the-coffin for the 'no set of facts' standard"
set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[2] that

---

[2]  In <u>Conley</u>, as stated above, a district court was
permitted to summarily dismiss a complaint for failure to state a
claim only if "it appear[ed] beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle

applied to federal complaints before Twombly.  Fowler, 578 F.3d

at 210.  The Third Circuit now requires that a district court

must conduct the two-part analysis set forth in Iqbal when

presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  See Phillips,
> 515 F.3d at 234-35.  As the Supreme Court instructed in
> Iqbal, "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
> 1949-50].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this

pro se pleading must be construed liberally in favor of

Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89

(2007).  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to

amend, unless it finds bad faith, undue delay, prejudice or

futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-

---

him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of
facts" standard, a complaint could effectively survive a motion
to dismiss so long as it contained a bare recitation of the
claim's legal elements.

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

#### A.   Harassment Claim

Plaintiff's main complaint stems from an incident on August 6, 2010, where defendant Cookwater made several discriminatory, harassing and offensive remarks to Muslim inmates.  Williams generally asserts that defendant's conduct violated his First, Eighth and Fourteenth Amendment rights.

It is well settled that verbal harassment of a prisoner, although deplorable, does not, standing alone, violate the Eighth Amendment.  See Robinson v. Taylor, 204 Fed. Appx. 155, 156 (3d Cir. 2006); McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997)(rejecting the Eighth Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.'").

see also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008)("As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.")(internal quotation marks omitted).

Indeed, allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner. See Jean-Laurent v. Wilkerson, 438 F. Supp.2d 318, 324-25 (S.D.N.Y. 2006)(pretrial detainee's claim of verbal abuse not cognizable under § 1983 because verbal intimidation did

10

not rise to the level of a constitutional violation); Ramirez v.
Holmes, 921 F. Supp. 204, 210 (S.D.N.Y. 1996)(threats and verbal
harassment without physical injury or damage not cognizable in
claim filed by sentenced inmate under § 1983).  See also Price v.
Lighthart, 2010 WL 1741385 (W.D. Mich. Apr. 28, 2010); Glenn v.
Hayman, 2007 WL 894213, *10 (D.N.J. Mar. 21, 2007); Stepney v.
Gilliard, 2005 WL 3338370 (D.N.J. Dec. 8, 2005)("[V]erbal
harassment and taunting is neither 'sufficiently serious' nor 'an
unnecessary and wanton infliction of pain' under the common
meaning of those terms. 'Verbal harassment or profanity alone ...
no matter how inappropriate, unprofessional, or reprehensible it
might seem,' does not constitute the violation of any federally
protected right and therefore is not actionable under [Section]
1983") (quoting Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 474
(S.D.N.Y. 1998), and citing Collins v. Graham, 377 F. Supp.2d
241, 244 (D.Me. 2005)).  See also Moore v. Morris, 116 Fed. Appx.
203, 205 (10th Cir. 2004)(mere verbal harassment does not give
rise to a constitutional violation, even if it is inexcusable and
offensive, it does not establish liability under section 1983),
cert. denied, 544 U.S. 925 (2005); Collins v. Cundy, 603 F.2d
825, 827 (10th Cir. 1979) (dismissing prisoner's claim that
defendant laughed at prisoner and threatened to hang him);
Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89
(D.N.J. 1993)); Abuhouran v. Acker, 2005 WL 1532496 (E.D. Pa.

June 29, 2005)("It is well established ... that ... verbal harassment, ... standing alone, do[es] not state a constitutional claim")(citing <u>Dewalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir. 1999); <u>Williams v. Bramer</u>, 180 F.3d 699, 706 (5th Cir. 1999); <u>Maclean v. Secor</u>, 876 F. Supp. 695, 698 (E.D.Pa. 1995)). <u>See also</u> <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (holding that verbal harassment and abuse are not recoverable under § 1983); <u>Patton v. Przybylski</u>, 822 F.2d 697, 700 (7th Cir. 1987)(holding that racially derogatory remarks, although "unprofessional and inexcusable," are not "a deprivation of liberty within the meaning of the due process clause").

Here, Williams does not allege an accompanying violation that might allow the verbal harassment to state a separate due process violation or equal protection claim in violation of his Fourteenth Amendment rights.  Furthermore, at most, Williams alleges that he was offended by the discriminatory remarks, but he does not allege any facts to show any injury or impediment to the practice or exercise of his religion for the claim to rise to the level of a violation of his First Amendment rights.  Indeed, the general allegations of "injury" in the Complaint are nothing more than the mere recitation of a legal conclusion without factual allegations sufficient at this time to support a claim that the defendants were verbally harassing plaintiff as a form of punishment or to deprive plaintiff of his constitutional

rights under the First, Eighth and Fourteenth Amendments, as
generally asserted.  Consequently, because the alleged verbal
harassment of Williams was not accompanied by any injurious
actions - or physical actions of any kind - by the defendants,
Williams fails to state a cognizable § 1983 claim for a violation
of his First Amendment rights, his Fourteenth Amendment due
process or Fourteenth Amendment equal protection rights, or his
Eighth Amendment right to be free from cruel or unusual
punishment.  This claim will be dismissed accordingly.

B.  <u>Religious Land Use and Institutionalized Persons Act</u>

     In his letter amendment received February 3, 2011 (Docket
entry no. 2), Williams asserts a claim under the Religious Land
Use and Institutionalized Persons Act ("RLUIPA").  RLUIPA governs
the religious rights of incarcerated individuals at federally
funded prisons.  RLUIPA bars federally funded prisons from
"impos[ing] a substantial burden on the religious exercise of a
person ... unless the government demonstrates that imposition of
the burden on that person ... (A) is in furtherance of a
compelling governmental interest; and (B) is the least
restrictive means of furthering that compelling interest."  42
U.S.C. § 2000cc-1(a).  To state a claim under RLUIPA, a prisoner
must establish that his religious exercise has been
"substantially burdened."  Once a claimant satisfies this
element, the burden shifts to the government to show that the

burden on the prisoner's religious exercise furthers a "compelling governmental interest" and "is the least restrictive means of achieving that interest." Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007).

In order to be considered a "substantial burden", the plaintiff must demonstrate that the government's action pressured him to commit an act forbidden by his religion or prevented him from engaging in conduct or having a religious experience mandated by his faith. Muhammed v. City of New York Dep't of Corrections, 904 F. Supp. 161, 188 (S.D.N.Y. 1995)(citations omitted). The burden must be more than an inconvenience, it must be substantially interfere with a tenet or belief that is central to the religious doctrine. Id. (citations omitted); see also Jones v. Shabazz, 2009 WL 3682569, at *2 (5th Cir. 2009)(holding that a government action or regulation only creates a "substantial burden" on a religious exercise if it truly pressures an adherent to significantly modify his religious behavior and significantly violate his religious beliefs).

Recently, the Supreme Court held that monetary damages are not available in federal court for a state prisoner against state defendants under RLUIPA. Sossamon v. Texas, ____ U.S. ____, 131 S. Ct. 1651, 79 U.S.L.W. 4262 (Apr. 20, 2011). In Sossamon, the Court determined that RLUIPA did not waive the sovereign immunity of states and state officials against being sued for money

14

damages in a federal court, pursuant to the Eleventh Amendment.
Id.  Accordingly, the present Complaint's claim for monetary
relief against state officials under RLUIPA must be dismissed on
the basis of Eleventh Amendment immunity.  Whether the Complaint
states a claim for injunctive relief under RLUIPA will be
examined now.

Here, the Complaint fails to allege sufficient facts to
support his claim or that defendants' actions or inactions
somehow substantially burdened his religious practices.  His only
allegation is that defendant Cookwater verbally abused him and
made a "mockery" of his Muslim religion on one occasion, and that
other defendants failed to discipline Cookwater for this
misconduct.  However, even if Williams properly supported those
allegations, such allegations are insufficient to state a claim
for relief for the reasons already discussed in Part IV.A of this
opinion; such derogatory remarks, while reprehensible if they
occurred, did not substantially burden Plaintiff's religious
practices as a Muslim, within the meaning of RLUIPA.  Moreover,
the Complaint fails to allege that such misconduct by Defendants
is continuous and ongoing and thus justifying injunctive relief.[3]

---

[3] A party seeking permanent injunctive relief must satisfy a
four-factor test, demonstrating (1) that plaintiff has suffered
an irreparable injury; (2) that remedies available at law, such
as monetary damages, are inadequate to compensate for that
injury; (3) that, considering the balance of hardships between
plaintiff and defendant, a remedy in equity is warranted; and (4)
that the public interest would not be disserved by a permanent

15

Therefore, the Court finds that the allegations of the Complaint are inadequate to state a claim to relief under the RLUIPA that is plausible on its face, and his claim will be dismissed without prejudice accordingly.

C.   Supervisor Liability Claim

Finally, Williams complains that the supervisory defendants, Brian Bradford, Westley Dilks, Ms. Malone and Karen Balicki, violated his First, Eighth and Fourteenth Amendment rights by failing to supervise Cookwater and allowing her to make discriminatory remarks about Muslims without disciplining her, and by failing to protect plaintiff from harm or to adequately address plaintiff's grievances concerning the August 6, 2010 incident.  At the outset, in this case, where the Complaint is insufficient to show that Plaintiff suffered a deprivation of constitutional or statutory rights in the first instance, any claims for supervisory liability for the non-violations becomes impossible to demonstrate, and claims against supervisory defendants will be dismissed.

---

injunction.  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 390 (2006); Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982).  Under RLUIPA, to satisfy the first prong of injunctive relief, an inmate would have to show that the government has imposed a substantial burden on the inmate's religious exercise, as to which the government fails to demonstrate that the burden is in furtherance of a compelling state interest and is the least restrictive means of furthering that compelling governmental interest, pursuant to § 3 of RLUIPA, 42 U.S.C. § 2000cc-1(a).  In the absence of such an allegation supported by factual grounds, the Complaint fails to state a claim for injunctive relief.

To provide some guidance in the event Plaintiff seeks to file an Amended Complaint that shows the required underlying liability, any claim against a supervisory defendant must satisfy the following requirements.  As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of <u>respondeat superior</u>.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1948; <u>Monell v. New York City Dept. Of Social Servs.</u>, 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); <u>Robertson v. Sichel</u>, 127 U.S. 507, 515-16 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").  In <u>Iqbal</u>, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to <u>Bivens</u>[4] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  <u>Iqbal</u>, 129 S.Ct. at 1948.  Thus, each government official is liable only for his or her own conduct.  The Court rejected the contention that supervisor liability can be imposed

---

[4]  <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)

where the official had only "knowledge" or "acquiesced" in their subordinates conduct.  Id., 129 S.Ct. at 1949.

Under pre-Iqbal Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." Santiago v. Warminster Twp., 629 F.3d 121, 127 n. 5 (3d Cir. 2010)(internal quotation marks omitted).  "Particularly after Iqbal, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." Id. at 130.

The Third Circuit has recognized the potential effect that Iqbal might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether Iqbal requires narrowing of the scope of the test.  See Santiago, 629 F.3d 130 n. 8; Bayer v. Monroe County Children and Youth Servs., 577 F.3d 186, 190 n. 5 (3d Cir. 2009)(stating in light of Iqbal, it is uncertain whether proof of personal

knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official).  Hence, it appears that, under a supervisory theory of liability, and even in light of Iqbal, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.  Williams v. Lackawanna County Prison, 2010 WL 1491132, at *5 (M.D.Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; e.g., supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff.  See Sample v. Diecks, 885 F.2d 1099, 1117-18 (3d Cir. 1989); see also Iqbal, 129 S.Ct. at 1949-54.

Here, plaintiff provides no facts describing how the supervisory defendants allegedly violated his constitutional rights, i.e., he fails to allege facts to show that these defendants expressly directed the deprivation of his constitutional rights, or that they created policies which left subordinates with no discretion other than to apply them in a

19

fashion which actually produced the alleged deprivation.  In short, Williams has alleged no facts to support personal involvement by the supervisory defendants, and simply relies on recitations of legal conclusions such that they failed to supervise or failed to protect plaintiff in violation of his First, Eighth and Fourteenth Amendment rights.  These bare allegations, "because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 129 S.Ct. at 1950.  Accordingly, this Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Iqbal, 129 S.Ct. at 1949, and dismiss the Complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), because plaintiff has failed to state a claim against these supervisory defendants at this time, whether for constitutional violation through 42 U.S.C. § 1983 or for statutory violation under RLUIPA, 42 U.S.C. § 2000cc, et seq.

     Finally, the Court notes that plaintiff has asserted that the supervisory defendants failed to investigate and discipline Cookwater for the discriminatory remarks that she made after plaintiff filed a grievance.  This claim fails to rise to the level of a constitutional deprivation sufficient to state a claim under § 1983.  Indeed, "'an allegation of a failure to investigate, without another recognizable constitutional right,

is not sufficient to sustain a section 1983 claim.'"  Graw v.
Fantasky, 68 Fed. Appx. 378, 2003 WL 21523251 (3d Cir.
2003)(unpubl.) (quoting unpubl. District Court opinion)(citing
DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189,
195-96 (1989)). Cf. Burnside v. Moser, 138 Fed. Appx. 414, 416,
2005 WL 1532429 (3d Cir. 2005) (prisoners do not have a
constitutionally protected right to a prison grievance process);
Lewis v. Williams, 2006 WL 538546, *7 (D.Del. 2006)(failure to
investigate a grievance does not raise a constitutional
issue)(collecting cases).  Compare Durmer v. O' Carroll, 991 F.2d
64, 69 (3d Cir. 1993)(summary judgment properly granted to prison
warden and state commissioner of corrections, the only allegation
against whom was that they failed to respond to letters from
prisoner complaining of prison doctor's treatment decisions).
Accordingly, this claim will be dismissed for failure to state a
claim.

IV.   CONCLUSION

For the reasons set forth above, the Complaint will be
dismissed without prejudice, in its entirety as against all named
defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
1915A(B)(1), for failure to state a claim upon which relief may
be granted at this time.  The dismissal of he Complaint is
without prejudice to Plaintiff's right to file an application to
reopen this docket and to seek leave to file an Amended Complaint

21

addressing the many deficiencies identified in this Opinion, because this Court does not find that such an effort to amend would be futile, see <u>Grayson v. Mayview State Hosp.</u>, <u>supra</u>, 293 F.3d at 100-111.[5]   An appropriate order follows.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge


Dated:  **May 13, 2011**

---

[5] Any proposed Amended Complaint must, in other words, state facts constituting grounds for relief, specifically identifying the culpable conduct of each defendant plaintiff seeks to name, under the relevant statutes, all consistently with the legal principles set forth in this Opinion.  Any proposed Amended Complaint must be attached to any motion to reopen this docket.